IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RYAN JARROD STANFORD,<br><br>        Plaintiff<br><br>        VS.<br><br>UNITED STATES DISTRICT<br>COURT FOR THE NORTHERN<br>DISTRICT OF GEORGIA;<br>LUTHER D. THOMAS,<br><br>        Defendants | NO. 5:06-CV-217 (WDO)<br><br>**PROCEEDINGS UNDER 42 U.S.C. §1983**<br>**BEFORE THE U. S. MAGISTRATE JUDGE** |

## ORDER OF TRANSFER

Plaintiff **RYAN JARROD STANFORD**, an inmate at the Georgia State Prison in Reidsville, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He also seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). In his complaint, plaintiff alleges that he was denied due process in a previous lawsuit: ***Stanford v. Georgia Dep't of Corr.***, 1:06-CV-956 (ODE). Plaintiff has named the United States District Court for the Northern District of Georgia and Luther D. Thomas as defendants.

It appears that venue in this district is improper. The venue provisions of 28 U.S.C. § 1391(b) provide in relevant part:

> *A civil action wherein jurisdiction is not founded solely on diversity of citizenship may ... be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . .*

In the case at bar, it appears that the events forming the basis of plaintiff's complaint occurred in the Northern District of Georgia and all defendants reside in the Northern District of Georgia. Therefore, the Northern District of Georgia is the proper venue for this cause of action, not the Middle District.

Instead of dismissing this action, the Court may, in the interest of justice, transfer the case under 28 U.S.C. § 1631 to the Court in which venue would be proper. Accordingly, the Court **DIRECTS** the Clerk of the Court to transfer this action to the United States District Court for the Northern District of Georgia.

**SO ORDERED AND DIRECTED** this 5th day of July, 2006.[1]



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's motion to proceed *in forma pauperis* is transferred for further consideration in the Northern District of Georgia. A review of court records reveals plaintiff has filed numerous civil actions in federal courts in the State of Georgia while incarcerated. At present, at least nine of these complaints or appeals have been dismissed as frivolous pursuant to 28 U.S.C. § 1915: **Stanford v. Georgia Dep't of Corr.,** 1:06-CV-956 (ODE) (N. D. Ga. May 15, 2006); **Stanford v. Smith**, 5:05-CV-288 (WDO)(M. D. Ga. February 3, 2006)(appeal dismissed as frivolous); **Stanford v. United States District Court, Northern District of Georgia**, 5:05-CV-386 (CAR)(M. D. Ga. November 23, 2005); **Stanford v. Smith**, 6:05-CV-81 (BAE)(S. D. Ga. November 14, 2005); **Stanford v. Smith**, 6:05-CV-56 (BAE) (S. D. Ga. November 1, 2005)(Additionally, a later appeal was dismissed as frivolous in this case on April 3, 2006); **Stanford v. Head**, 1:05-CV-1988 (ODE)( N. D. Ga. August 25, 2005); **Stanford v. Smith**, 6:04-CV-149 (BAE)(S. D. Ga. June 22, 2005)(Additionally, a later appeal was dismissed as frivolous in this case on December 27, 2005).